## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORINA MAY et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-176** |
| **RODNEY JACK STRAIN, JR. et al.** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court is Defendant Consumer Healthcare Products Association's ("CHPA")

Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim on which Relief Can be

Granted.[1] Having considered the motion, the response, the reply, the record, and the applicable law,

for the following reasons, the Court will grant Defendant CHPA's Motion to Dismiss.

## I. Background

### A. Procedural Background

Plaintiffs Corina May and Joel Weaver ("Plaintiffs") filed their Complaint in this matter on

January 30, 2013,[2] alleging claims under 42 U.S.C. § 1983 for violations of their Fourth and

Fourteenth Amendment rights. After this Court granted Defendant CHPA's first Motion for

Dismissal,[3] Plaintiffs filed an Amended Complaint on December 26, 2013.[4] Defendant CHPA filed

a second Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim on which Relief

Can be Granted on January 27, 2014, and Plaintiffs filed their Opposition to the Motion to Dismiss

---

[1] Rec. Doc. 71.

[2] Rec. Doc. 1.

[3] Rec. Doc. 66.

[4] Rec. Doc. 68.

1

on February 11, 2014.[5] Following leave of Court, on February 18, 2014, CHPA filed a reply

memorandum to Plaintiffs' response memorandum opposing dismissal.[6]

### B. Factual Background

Plaintiffs were convicted in Louisiana state court for methamphetamine-related crimes.[7]

Plaintiffs have now brought suit against CHPA and other defendants for violating their Fourth and

Fourteenth Amendment rights. Specifically, Plaintiffs allege that their arrests were made possible

by law enforcement's use of the National Precursor Log Exchange Web site ("NPLEx") system,

which Plaintiff alleges on information and belief "is a multi-state system developed by Defendants

CHPA and Appriss."[8] While CHPA was not involved in Plaintiffs' arrests, Plaintiffs allege that "the

relationship between Defendants Appriss, NADDI, and CHPA constitutes a joint venture . . . [that

was] spearheaded by CHPA . . ."[9] Plaintiffs allege that CHPA was, and continues to be, a willful

participant in joint action with the State of Louisiana because it is the sole source of funding for

NPLEx.[10]

## II. Arguments

### A. CHPA's Arguments in Favor of its Motion to Dismiss

CHPA argues that Plaintiffs have not pleaded any specific, non-conclusory facts connecting

---

[5] Rec. Doc. 75.

[6] Rec Doc. 78.

[7] Rec. Doc. 71-1 at 1.

[8] Rec. Doc. 68 at 4.

[9] *Id.* at 3.

[10] *Id.* at 4.

2

CHPA to Louisiana.[11] Thus, accordiong to CHPA, it should be dismissed from the case for lack of personal jurisdiction.[12] CHPA argues that its alleged role in the NPLEx program is insufficient to provide any basis for specific personal jurisdiction over CHPA because, even if true, none of the allegations could possibly give rise to a Fourth Amendment claim against CHPA.[13] Citing to the Fifth Circuit case of *Mylett v. Jeane*,[14] CHPA maintains that the allegations in the Amended Complaint "could not possibly give rise to a constitutional cause of action" because defendants in a Fourth Amendment claim are limited to "those who, acting under color state law, actually performed an alleged illegal search or seizure," and "those who are alleged to have conspired with those actors to deprive Plaintiffs of their rights."[15]

CHPA asserts that Plainitffs have failed adequately to allege that CHPA is a state actor, as is necessary under a § 1983 claim.[16] According to CHPA, Plaintiffs' claim that CHPA acted in concert with the State of Louisiana is a "red herring" because "the State of Louisiana is not a defendant in this case and is not alleged to have performed any unconstitutional search or seizure."[17] CHPA maintains that under *Priester v. Lowndes County*,[18] to successfully plead a § 1983 claim against a private defendant, the plaintiff must allege an agreement between the private and one of

---

[11] Rec. Doc. 71-1 at 4.

[12] *Id.*

[13] *Id.* at 5.

[14] 879 F.2d 1272, 1275 (5th Cir. 1989).

[15] Rec. Doc. 71-1 at 6.

[16] *Id.*

[17] *Id.*

[18] 354 F.3d 414, 420 (5th Cir. 2004).

3

the public defendants.[19] Therefore, according to CHPA, Plaintiffs cannot base their § 1983 claims against CHPA on joint action with the State.[20] Moreover, according to CHPA, even if the State of Louisiana were a defendant, the only "joint action" alleged between it and CHPA is CHPA's lobbying activities before the state government. CHPA maintains that such lobbying activity cannot be the basis of a § 1983 lawsuit because it is protected First Amendment activity.[21]

Moreover, CHPA asserts that Plaintiffs have failed to allege that CHPA violated any of Plaintiffs' rights.[22] According to CHPA, Plaintiffs' Complaint does not adequately plead a Fourth Amendment-based claim against CHPA because it does not allege either that CHPA was personally involved in any alleged constitutional violation or that its acts were causally connected to any such violation.[23] Significantly, CHPA argues that there are no allegations that CHPA was personally involved in any search of seizure of the Plaintiffs.[24] Moreover, the Complaint does not allege any facts showing that CHPA caused the police to search or seize Plaintiffs or that CHPA even knew about the investigation, arrest, or prosecution of Plaintiffs.[25] CHPA further contends that its alleged role in the NPLEx system—lobbying at the state level for adoption of NPLEx and assisting its member companies in facilitating funding for that system—does not make CHPA a "joint

---

[19] *Id.*

[20] *Id.*

[21] *Id.* at 6–7.

[22] *Id.* at 12.

[23] *Id.* at 12, 16.

[24] *Id.* at 15.

[25] *Id.* at 12.

participant" in searches or seizures conducted by police officers in Mandeville, Louisiana.[26] Accordingly, CHPA maintains that, "There is simply no law or cognizable legal theory that would allow Plaintiffs' claim against CHPA."[27] Accordingly, Plaintiffs' complaint, CHPA argues, should be dismissed for failure to state a claim or, alternatively, for lack of personal jurisdiction.[28]

Finally, CHPA argues that Plaintiffs' state constitutional claim must be dismissed for the same reasons as their federal claim.[29] According to CHPA, like their Fourth Amendment claim, Plaintiffs' claims under the Louisiana Constitution may only be brought against state actors whose conduct was a proximate cause of their injuries.[30] Moreover, CHPA argues that "there is no Louisiana precedent under which CHPA could be said to have invaded Plaintiff's privacy merely by lobbying state legislators or reaching an 'agreement' with the state government to fund NPLEx."[31] This is because, according to CHPA, "[t]he Louisiana Supreme Court has clearly held that a private party's political activities cannot form the basis for a Louisiana state law claim, absent facts showing corruption on the part of public officials, which Plaintiffs have not alleged."[32]

## B. Plaintiffs' Arguments Against CHPA's Motion to Dismiss

Plaintiffs maintain that CHPA is a state actor within the meaning of § 1983 because (1) the State of Louisiana delegated its authority to CHPA, (2) CHPA participated in joint activity with state

---

[26] *Id.* at 13.

[27] *Id.*

[28] *Id.* at 19.

[29] *Id.* at 18.

[30] *Id.*

[31] *Id.*

[32] *Id.*

actors, (3) a legal framework was created to carry out private action, (4) CHPA knowingly accepted the benefits of an unconstitutional practice, (5) CHPA through other defendants carried out traditional state functions, and (6) the government created a special relationship with Plaintiffs.[33] Specifically, Plaintiffs contend that CHPA was the financier of the NPLEx system and that CHPA forms and leads the joint venture between it and Defendants Appriss and NADDI. Moreover, drug manufacturers, according to Plaintiffs, "funnel their money through CHPA" to pay Appriss for the NPLEx system.[34] Plaintiffs also maintain that Defendants NADDI and Appriss are "performing public functions exclusively reserved to the State and that CHPA is a willful participant in joint action with the State of Louisiana by acting as the sole source of funding for NPLEx."[35]

Regarding specific jurisdiction, Plaintiffs argue that jurisdiction exists for this Court because CHPA targeted Louisiana for the NPLEx system through "an expensive campaign."[36] Thus, Plaintiffs argue that CHPA "targeted activities aimed at the State of Louisiana."[37] While CHPA argues that any lobbying is protected First Amendment activity, Plaintiffs contend that "CHPA's activities were not directed *at legislation*."[38] Rather, according to Plaintiffs, CHPA's activities were directed at obtaining an agreement between its joint venture partner NADDI and the State of Louisiana.[39] This is so, Plaintiffs argue, precisely because "the Louisiana legislature did not 'vote'

---

[33] Rec. Doc. 75 at 2.

[34] *Id.* at 3.

[35] *Id.* at 4.

[36] *Id.* at 5.

[37] *Id.* at 11.

[38] *Id.* at 6.

[39] *Id.*

to adopt NPLEx" nor "did [the] Governor 'sign legislation.'"[40] According to Plaintiffs, the First Amendment is not involved because "CHPA's activities in promoting a NPLEx deal with Louisiana did not effect legislation."[41] As such, Plaintiffs assert that CHPA's activities in Louisiana were not petitioning activities because CHPA did "nothing to create law or change existing law—at least not in Louisiana."[42] Accordingly, Plaintiffs maintain that the First Amendment is inapplicable.[43]

Additionally, Plaintiffs argue that they have sufficiently pleaded that CHPA is a state actor.[44] According to Plaintiffs, they have sufficiently pleaded that CHPA is a state actor under both the so-called "nexus" or "state action" test in which private actors are willful participants in joint action with the State, and under the so-called "public function" test in which a private entity performs a function which is exclusively reserved to the State.[45] Here, Plaintiffs argue that CHPA's "joint venture partners," NADDI and Appriss, are performing a public function exclusively reserved to the state, namely, the administration and operation of a central computer system that tracks sales of pseudoephredine.[46] Additionally, there is joint participation between CHPA and Louisiana because of CHPA's funding of NPLEx.[47]

Finally, Plaintiffs assert that a causal connection exists connecting CHPA to the allegedly

---

[40] *Id.* at 8.

[41] *Id.*

[42] *Id.* at 9.

[43] *Id.* at 10.

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.*

unlawful search and seizure of Plaintiffs because CHPA and its member companies "are the driving force behind NPLEx."[48] According to Plaintiffs, "[B]ut for NPLEx, there would have been no seizure of [P]laintiffs."[49] Law enforcement was not, Plaintiffs argue, a superseding cause of the seizure. "To the contrary, law enforcement, in arresting plaintiffs, were utilizing a tool that had been provided to them—and funded—by CHPA (or, the very least, by the joint venture formed by CHPA, Apriss, and NADDI.)"[50]

### C. CHPA's Reply to Plaintiff's Opposition to the Motion to Dismiss

CHPA argues that Plaintiff's understanding of First Amendment protections is incorrect because under the Supreme Court's holding in *Mine Workers v. Pennington*,[51] First Amendment protection "broadly applies to *any* 'concerted effort to influence public officials.'"[52] Thus, according to CHPA, whether the NPLEx system was adopted in a manner inconsistent with state law is "wholly immaterial."[53] Moreover, according to CHPA, even if NPLEx were ultimately declared unlawful under state law this would not remove CHPA's immunity from suit under the First Amendment.[54]

Finally, CHPA argues that even if Plaintiffs were correct that the First Amendment only protected private parties from § 1983 liability where the petitioning activities were directly related

---

[48] *Id.* at 11.

[49] *Id.*

[50] *Id.*

[51] 381 U.S. 657, 670 (1965).

[52] Rec. Doc. 78 at 2.

[53] *Id.*

[54] *Id.* at 2–3.

to specific legislation, the declaration of Carolyn Hermann,[55] attached to CHPA's motion to dismiss, shows that there was no commercial transaction or agreement between CHPA and the State of Louisiana.[56]

CHPA also attacks Plaintiffs' other arguments on the grounds that "Plaintiffs have not cited <u>any</u> law supporting their position on . . . these issues and fail to respond to virtually all of the contrary arguments, all supported by binding precedent" made by CHPA.[57] Specifically, CHPA points out that Plaintiffs' response "completely ignores clear and binding Fifth Circuit precedent" that "a section 1983 suit against a private defendant <u>cannot</u> be maintained unless the complaint alleges an agreement between the private and public defendants."[58] This is important, argues CHPA, because "[t]he only public party in Louisiana with whom Plaintiffs allege that CHPA has ever had any dealings—the State of Louisiana—is not only not a defendant in this case, but is not even alleged to have performed any unconstitutional search or seizure."[59] For this reason alone, CHPA argues that Plaintiffs' Complaint fails to state a cause of action against CHPA.[60]

As for Plaintiffs' proximate cause argument, CHPA cites to *Morris v. Dillard Dept. Stores, Inc.*,[61] arguing that a private party cannot be liable for Fourth Amendment violations when an officer

---

[55] The Court notes that a motion to dismiss is based only on the pleadings. *See, e.g.*, *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Although there is a limited exception to this rule, no such exception applies to the declaration of Carolyn Hermann.

[56] *Id.* at 3.

[57] *Id.*

[58] *Id.* (internal quotation marks omitted).

[59] *Id.* at 4.

[60] *Id.*

[61] 277 F.3d 743, 749–50 (5th Cir. 2001).

9

investigates a crime independently.[62] According to CHPA, this is exactly what the police officers from Mandeville and St. Tammany Parish did in this case.[63] Furthermore, under *Gillson v. City of Sparks*, an out-of-circuit district court case, CHPA argues that "a private party who merely supplies tools used by local law enforcement is not converted into a state actor whenever law enforcement misuses the tool."[64] Finally, CHPA argues that issue preclusion bars Plaintiffs from raising their argument that the NPLEx program is unlawful because they already lost on that argument in moving to suppress evidence in their criminal trials in state court.[65]

## **II. Law and Analysis**

### *A. Personal Jurisdiction*

In CHPA's Motion to Dismiss,[66] it argues that, as a Delaware non-profit organization based in Washington, D.C. with no business ties to Louisiana, this Court lacks personal jurisdiction over it. For a federal court to exercise personal jurisdiction over a non-resident defendant, (1) there must be a long-arm statute of the state that authorizes the exercise of jurisdiction; and (2) such an exercise of jurisdiction must comport with federal constitutional guarantees of Due Process.[67] Louisiana's long-arm statute is drafted very broadly, allowing for jurisdiction to extend as far as is permissible

---

[62] Rec. Doc. 78 at 4.

[63] *Id.*

[64] *Id.* at 5.

[65] *Id.* at 5–6.

[66] Rec. Doc. 71.

[67] *Rittenhouse v. Mabry*, 832 F.2d 1380, 1383–84 (5th Cir. 1987).

under the federal constitution.[68] Therefore, "[b]ecause Louisiana's long-arm statute extends jurisdiction to the full limits of due process, a federal court sitting in Louisiana need only determine whether the exercise of its jurisdiction satisfies the requirements of constitutional due process."[69]

To determine if the requirements of constitutional due process are satisfied, the Supreme Court has articulated a two part analysis wherein the plaintiff carries the burden to show: (1) that the defendant has purposefully availed himself of benefits and protections of the forum state by establishing minimum contacts; and (2) that the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice.[70] In making this determination, a court must accept as true the uncontroverted allegations in the plaintiff's complaint and must resolve all factual conflicts in the plaintiff's favor.[71]

*1. Minimum Contacts*

Generally, unilateral actions of the plaintiff or a third party are insufficient to establish minimum contacts over a defendant.[72] The Fifth Circuit has held that the exchange of communications in the course of carrying out a contract is alone not enough to constitute the required availment of the benefits and protections of Louisiana law.[73] Likewise, merely contracting

---

[68] La. Rev. Stat. Ann. § 13:3201(B) ("In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.").

[69] *Home Decor of Elmwood Oaks, LLC v. Jiyou Arts & Frames Co.*, No. 08-762, 2009 WL 273193, at *5 (E.D. La. Jan. 23, 2009) (Vance, C.J.).

[70] *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *see also Thompson v. Chrysler Motor Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985) (stating that if a nonresident defendant challenges personal jurisdiction, the burden is on the plaintiff to make a prima facie case that personal jurisdiction exists).

[71] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

[72] *Hydrokinetics, Inc. v. Alaska Mechanics, Inc.*, 700 F.2d 1026 (5th Cir. 1983).

[73] *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); *Hydrokinetics*, 700 F.2d at 1028.

11

with a resident or entity in the forum state will be insufficient to establish minimum contacts.[74] Nonetheless, the Fifth Circuit has held that when a court contemplates whether minimum contacts exist, it should consider prior negotiations and anticipated future occurrences that would result from the contract.[75]

CHPA denies the existence of minimum contacts between itself and Louisiana and rejects the contention that it has availed itself of Louisiana's laws and protections. It claims that Plaintiffs' argument that it has established minimum contacts by lobbying the Louisiana legislature is one that has been rejected by the U.S. Supreme Court and Fifth Circuit in *Mine Workers v. Pennington*, *Video International Products, Inc. v. Warner Amex Cable Communication, Inc.*,[76] and *Bayou Fleet, Inc. v. Alexander*.[77] According to CHPA's understanding of these cases, any activity designed to influence public officials is immune from suit and, thus, cannot be activity that forms the basis of this Court's personal jurisdiction under a theory of specific jurisdiction. While Plaintiffs argue that immunity only applies if the lobbying affected legislation, this Court disagrees.  Under the so-called *Noer-Pennington* doctrine,[78] First Amendment protections apply broadly to any "concerted effort to influence public officials."[79] The Fifth Circuit reaffirmed this broad application of *Noer-Pennington* fairly recently in *Bayou Fleet*. There, the Fifth Circuit stated, "*Noer-Pennington*

---

[74] *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009).

[75] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

[76] 858 F.2d 1075 (5th Cir. 1988).

[77] 234 F.3d 852 (5th Cir. 2000).

[78] Named after two Supreme Court Cases, *Mine Workers v. Pennington* and *Eastern Railroad Presidents Conference v. Noer Motor Freight, Inc.,* 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1965), that established it.

[79] *Pennington*, 382 U.S. at 670.

immunity applies to any concerted effort to sway public officials regardless of the private citizen's intent."[80] Moreover, Plaintiffs' argument misses the mark in any event.  In this case, CHPA's lobbying efforts applied to a specific piece of legislation that was eventually passed and codified as Louisiana Revised Statute 40:1049.4.

Other than this single attempt to influence the Louisiana legislature's adoption of the NPLEx system, Plaintiffs point to no ties between CHPA and Louisiana. CHPA conducts no business here nor could it be said that CHPA aimed its conduct at Louisiana in any instance other than its lobbying efforts. Notably, Plaintiffs fail to allege that CHPA committed any search or seizure in Louisiana. Thus, this Court agrees with CHPA's argument that no Fourth Amendment cause of action under § 1983 could support jurisdiction in this forum based on the alleged contacts between CHPA and Louisiana. Specific jurisdiction, which is the only type of jurisdiction Plaintiffs argue in their response memorandum, only exists when "the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts."[81] In other words, the defendant's contact with the forum state must be the same acts that gave rise to the cause of action. Here, that is simply not the case. No allegation is made by Plaintiffs that CHPA illegally searched or seized Plaintiffs in Louisiana, nor does it appear any such allegation can be made. As for Plaintiffs' reliance on CHPA's lobbying activity, even absent the *Noer-Pennington* doctrine, CHPA's act of lobbying is not sufficient to support Plaintiffs' Fourth Amendment violation claim because it had nothing to do with the alleged violations of Plaintiffs' Fourth Amendment rights.

While Plaintiffs' try to maintain that CHPA acted in concert with law enforcement officials,

---

[80] 234 F.3d at 859.

[81] *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

the alleged facts do not support that inference. Most importantly, Plaintiffs never addressed the requirement that the state agent with whom the private defendant allegedly acted in concert be a named defendant in the lawsuit. Plaintiffs only allege that CHPA came to an agreement with the State of Louisiana regarding adoption of the NPLEx system. However, the State of Louisiana is not a defendant in this matter. Thus, *Priester v. Lowndes County*'s requirement that "[t]he plaintiff must allege . . . an agreement between the private and public defendants"[82] has not been met. Quite simply, there are no allegations in Plaintiffs' Amended Complaint of any contact between CHPA and any of the government defendants named in this lawsuit.

Considering these facts, the Court finds that CHPA has insufficient minimum contacts with Louisiana to support specific jurisdiction in this matter. CHPA does no business in Louisiana and conducts no activity whatsoever in Louisiana except for lobbying of the state government. That behavior is both shielded from suit under the *Noer-Pennington* doctrine and too remote to the alleged search and seizure that forms the basis of this suit to support specific jurisdiction. Nothing in the record and no argument articulated by Plaintiffs suggests that CHPA reasonably could have anticipated being haled into Louisiana court. Contrary to Plaintiffs' contentions, CHPA's limited activity in the state does not suffice to establish jurisdiction in this case. Accordingly, the Court need not analyze the fair play and substantial justice prong of the analysis.

### B. Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6)

Defendant CHPA also seeks dismissal of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon

---

[82] *Priester*, 354 F.3d at 420.

14

which relief can be granted.'"[83] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[84] "Factual allegations must be enough to raise a right to relief above the speculative level,"[85] and a claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[86]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[87] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[88] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[89] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[90]The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[91] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me

---

[83] Fed. R. Civ. P. 12(b)(6).

[84] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[85] *Twombly*, 550 U.S. at 556.

[86] *Id.* at 570.

[87] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[88] *Iqbal*, 556 U.S. 662, 677–78.

[89] *Id.* at 679.

[90] *Id.* at 678.

[91] *Id.*

accusation."[92] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[93] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[94]

CHPA argues that dismissal is proper here because Plaintiffs fail to allege facts sufficient to state a cognizable claim against CHPA under § 1983. Pursuant to Fifth Circuit precedent, to recover against CHPA under § 1983, Plaintiffs must show that (1) there was an agreement between the private and public defendants to commit an illegal act, and (2) a deprivation of a constitutional right.[95] In *Priester v. Lowndes County*, the Fifth Circuit affirmed the district court's dismissal of the private defendant because the complaint failed to allege a conspiracy between the private defendant and the public defendant, as required to maintain suit against a private defendant under § 1983.[96] According to the Fifth Circuit in *Priester*, mere allegations that the public defendants either ignored or encouraged and allowed the private defendant's behavior were insufficient to allege conspiracy because the complaint did not allege an agreement between the defendants to commit an illegal act, nor did it allege specific facts to show an agreement.[97]

---

[92] *Id.*

[93] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[94] *Moore v. Metropolitan Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

[95] *Priester*, 354 F.3d at 420.

[96] *Id.*

[97] *Id.*

Here, Plaintiffs argue that CHPA was "a willful participant in an unlawful act with Louisiana." However, neither the act referred to—adoption of the NPLEx system—nor the government entity referred to—the state of Louisiana—are relevant. The underlying cause of action is an illegal search and seizure undertaken by Mandeville and St. Tammany Parish law enforcement agents in violation of the Fourth Amendment. The adoption of NPLEx is not the act on which Plaintiffs are suing. Morever, that act was not carried out by agents of the State of Louisiana. In fact, the State of Louisiana is not a defendant in this matter at all. Thus, it does not matter whether CHPA was a willful participant in an unlawful act. That alleged unlawful act is not the act at question in this case. Nor is the defendant with whom the alleged agreement was made a defendant before this Court.

While Plaintiffs assert that this alleged unlawful agreement with the State of Louisiana to adopt NPLEx is sufficiently related to the allegedly unlawful search and seizure, their "but for" causation argument is misplaced. Plaintiffs point to no authority for their assertion that a mere "but for" causal connection is sufficient to support a cause of action against a private actor for a constitutional violation wholly unknown to the private party. Morever, this argument still does not address the question that the State of Louisiana is neither a defendant in this case nor alleged to have participated in the violation of Plaintiffs' constitutional rights. Plaintiffs' failure to satisfy the binding *Priester* standard mandates dismissal of Plaintiffs' § 1983 case against CHPA.

For these very same reasons, Plaintiffs' claim under the Louisiana Constitution fails. As with the federal claim, Plaintiffs have failed to sufficiently allege that CHPA violated any of Plaintiffs' rights under the Louisiana Constitution because CHPA did not participate in nor even know about the allegedly unlawful search and seizure of Plaintiffs. Moreover, political activity—such as

17

CHPA's lobbying efforts before the state legislature—is protected. Accordingly, this Court finds that Plaintiffs' claims against CHPA are also dismissed under Federal Rule 12(b)(6) for failure to state a claim.

### III. Conclusion

Having found that Defendant CHPA does not have minimum contacts with the state of Louisiana, the Court finds that it lacks personal jurisdiction over CHPA. Moreover, the Court also finds, in addition to and/or in the alternative, that Plaintiffs' claims against CHPA should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because Plaintiffs have not sufficiently pleaded , nor does it appear they have the ability to plead, that CHPA violated their Fourth Amendments rights. The Court notes, in particular, that Plaintiffs have failed to state facts sufficient to support an allegation that any agreement existed between CHPA and any of the named public defendants in this matter. Moreover, Plaintiffs have failed to sufficiently allege any facts to support that CHPA participated in, aided, or even knew of the other defendants' alleged violation of Plaintiffs' Fourth Amendment rights. Therefore, because the Court finds that personal jurisdiction does not exist here and no cause of action has been alleged against CHPA, the Court dismisses CHPA as a party from this matter. Accordingly,

**IT IS HEREBY ORDERED** that CHPA's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim[98] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 14th  day of May, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[98] Rec. Doc. 71.